IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENDRA WALKER**, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil No. SAG-25-03496 |
| **BH ANDREWS RIDGE, LLC**, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Kendra Walker, on her own behalf and as representative of a putative class, filed this action in state court against Defendants BH Andrews Ridge, LLC and Legacy Residential, LLC (collectively "Defendants"). ECF 6, 25.[1] Defendants removed the case to this Court, ECF 1, and have now filed a motion to dismiss the two class claims, ECF 17.[2] Plaintiff has opposed the motion, ECF 21, and Defendants filed a reply, ECF 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendant's motion will be granted and Plaintiff will be afforded a three-week window in which to amend her complaint.

## I.   FACTUAL BACKGROUND

The following facts relevant to this motion are derived from the Complaint, ECF 25, and are assumed to be true for the purposes of adjudicating this motion. On or about September 30, 2022, Plaintiff entered into a one-year renewable lease for an apartment in Prince George's County,

---

[1] ECF 25, while docketed as an "Amended Complaint," is simply a publicly filed version of ECF 6, redacting the name of Plaintiff's minor child in accordance with the Local Rules.

[2] The Complaint also includes individual claims brought by Plaintiff on behalf of herself and her minor child. Defendants do not seek dismissal of those claims.

Maryland, owned by BH Andrews Ridge, LLC ("Lease #1"). *Id.* ¶¶ 9, 10, 15. Lease #1 was signed with the management company of Gates, Hudson & Associates, Inc. *Id.* ¶ 15.

On or about October 16, 2023, Plaintiff signed a form Lease Agreement with Legacy Residential for the rental of the same apartment from September 30, 2023 through September 29, 2024 ("Lease #2"). *Id.* ¶¶ 16, 17. Lease #2 noted that "Water/Sewer," "Gas/Oil," and "Refuse Collection" would be "Billed Separately by Lessor," while "Electricity" would be "Supplied by Public Utility." *Id.* ¶ 18. It further advised:

> UTILITIES. Lessee's rent payment will include those utilities included on Page 1 in Paragraph 6.A. above. Lessor shall bill Lessee separately those utilities included on Page 1 in Paragraph 6.B above based on a separate metering and billing basis or on a sub-metering, square footage, or other billing basis. . . . Lessee agrees to pay charges assessed or imposed during the term of the Lease for all utilities supplied by either Lessor, public utility or third party provider whether or occupied or vacant. Lessee further agrees to pay for any utility service billings incurred by Lessee but received by Lessor after Lessee takes possession of the Premises and/or vacates the Premises.

*Id.* ¶ 19.

Lease #2 also contained a "Ratio Utility Billing System Addendum" advising:

> The Lessor hereby notifies the Lessee of all Utility Billing information required by Real Property Section 8-212.4:
> a. (i) You will be billed by the landlord for allocated utility services;
> b. (ii) Link to last two bills;
> c. (iii) Your pro rata share shall be computed based on the Community's Water, Sewer and Trash bill which will be allocated to each unit based on unit occupancy and/or square footage of unit;
> d. (iv) Any disputes relating to the computation of your bill are between you and the landlord;
> e. (v) The average monthly bill for all dwelling units in the residential rental property in the previous calendar year;
> f. (vi) You have the right to inspect records retained by us that document a bill for utilities on written request;
> g. (vii) Resident shall pay to landlord's billing service a one-time account set-up fee, which shall be due and payable as part of your first payment of the Utility Bill. In addition, the landlord may add to the Utility Bill a nominal administrative fee per month to help defray cost of Owner's billing service. The current fee is $4.00;
> h. (viii) When billed by us directly or through our billing company you are responsible for paying the bill before the due date on the bill. The late payment of a bill or failure to pay is

considered a breach of lease and we will exercise all remedies available under the lease, up to and including eviction for nonpayment.
i. (ix) At move out, you will receive a final bill which may be estimated based on your prior utility usage. This must be paid at the time you move out, otherwise it will be deducted from your security deposit.
j. (x) We are not liable for loss/damage incurred as a result of outages/interruptions in utility services provided to the dwelling unless it was the direct result of negligence by us or our employees. You release us from any such claims and waive any claims for offset or reduction of rent or diminished rental value of the dwelling due to such outages/interruptions.
k. (xi) You represent that all occupants that will be residing in the unit are identified in the lease. You agree to notify the owner of any change in the number of occupants in the unit.
l. (xii) No billing method, charge or fee mentioned herein will be used in any jurisdiction where such use would be unlawful. If any provision of this addendum or lease is invalid under applicable law, such provision shall be ineffective to the extent of such invalidity only without invalidating or otherwise affecting the remainder of this addendum or the lease. Except as specifically stated herein, all other terms and conditions of the Lease shall remain unchanged. In the event of any conflict between this addendum and the terms of the lease, the terms of this Addendum shall control.
m. (xiii) The link below contains the information required above.
n. Andrews Ridge Utility Summary (canva.site)

*Id.* ¶ 20.

The hyper link linked to a page containing the "Monthly Utility Average[s]" for "Water/Sewer", "Gas", and "Trash" for "the past year." *Id.* ¶ 21. The utility bills that were copied, however, were for the periods of "9/26/22–10/26/22" and "8/25/22–9/26/22" respectively, and the months used as "the past year" were not specified. *Id.*

Plaintiff alleges that Lease #2 and its addendum did not provide the information required by Md. Code Ann., Real Property § 8-212.4(c)(2). As a result of the failure to make the required disclosures, Plaintiff argues, Defendants could not lawfully collect or make efforts to collect the utility fee amounts owed under Lease #2. Plaintiff's contention that Defendants committed violations of the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act rest on those alleged disclosure failures.

## II. LEGAL STANDARDS

Defendant seeks to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The Rule 12(b)(6) standard presumes the facts alleged by a plaintiff to be true, then assesses whether the complaint still fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## III. ANALYSIS

Defendants argue two deficiencies in Plaintiff's pleading. First, they argue that Plaintiff fails to plausibly allege any deficiencies with the disclosures made in Lease #2. Second, they argue that the disclosure requirements in § 8-212.4(c)(1) apply only to prospective tenants, not existing tenants.

Looking to the second argument first, this Court finds it unpersuasive. Taking Plaintiff's allegations as true, as this Court must at this stage of the case, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has alleged that there was a two-week window between the expiration of Lease #1 and the execution of Lease #2. During that window, although Plaintiff presumably continued to occupy the apartment, this Court can reasonably infer that she was a "prospective tenant," at least as to the terms of Lease #2, which was an entirely new lease prepared

4

by an entirely new management company. Of course, Defendants will be free to re-raise this argument, if appropriate, as more information is gleaned through discovery regarding Plaintiff's status at the time the disclosures were made.

Defendants' first argument, however, is more persuasive. A fair reading of the Complaint, even drawing all reasonable inferences in favor of Plaintiff, does not readily reveal the alleged deficiencies in Lease #2's disclosure provisions. The closest Plaintiff comes to alleging a deficiency is her suggestion that it is unclear which year Defendants used to calculate the "Monthly Utility Average[s]" for "Water/Sewer", "Gas", and "Trash," given that the utility bills provided were from the fall of 2022. ECF 25 ¶ 21. Plaintiff does not allege, however, that the Monthly Utility Averages in the disclosures were incorrect and does not specify any other deficiency in the information provided by Defendants.

Absent such specificity, this Court is unable to conclude that Plaintiff has pleaded a plausible claim. This Court notes, however, that in her opposition briefing, Plaintiff provides a short list of perceived deficiencies. ECF 21 at 7–8. This Court is unable to consider that list for purposes of ruling on this motion, as a party is not permitted to amend its pleadings via motions briefing. However, this Court will afford Plaintiff leave to file an amended complaint, within twenty-one days of the date of this memorandum opinion, to rectify the deficiency described herein.

## IV. CONCLUSION

For these reasons, Defendants' Motion, ECF 17, is granted and Plaintiff's class claims, Counts I and II, are dismissed without prejudice. Plaintiff is granted leave to amend her complaint within twenty-one days of this memorandum opinion and order.

Dated: February 10, 2026                                    /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge