**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KENDRA WALKER, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil No. SAG-25-03496** |
| **BH ANDREWS RIDGE, LLC, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Kendra Walker, on her own behalf and as representative of a putative class, filed a Second Amended Complaint ("SAC") against Defendants BH Andrews Ridge, LLC and Legacy Residential, LLC (collectively "Defendants"). ECF 28. Defendants have now filed a motion to dismiss the class claims, Counts I and II. ECF 32.[1] Plaintiff has opposed the motion, ECF 35, and Defendants filed a reply, ECF 38. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendant's motion will be denied.

## I. FACTUAL BACKGROUND

The following facts relevant to this motion are derived from the SAC, ECF 28, and are assumed to be true for the purposes of adjudicating this motion. On or about September 30, 2022, Plaintiff entered into a one-year renewable lease for an apartment in Prince George's County, Maryland, owned by BH Andrews Ridge, LLC ("Lease #1"). *Id.* ¶¶ 9, 10, 15. Lease #1 was signed with the management company of Gates, Hudson & Associates, Inc. *Id.* ¶ 15.

[1] The SAC also includes individual claims brought by Plaintiff on behalf of herself and her minor child. Defendants do not seek dismissal of those claims.

On or about October 16, 2023, Plaintiff signed a form Lease Agreement "with Legacy Residential" for the rental of the same apartment from September 30, 2023, through September 29, 2024 ("Lease #2). *Id.* ¶¶ 16, 17. Lease #2 noted that "Water/Sewer," "Gas/Oil," and "Refuse Collection" would be "Billed Separately by Lessor," while "Electricity" would be "Supplied by Public Utility." *Id.* ¶ 18. It further advised:

> UTILITIES. Lessee's rent payment will include those utilities included on Page 1 in Paragraph 6.A. above. Lessor shall bill Lessee separately those utilities included on Page 1 in Paragraph 6.B above based on a separate metering and billing basis or on a sub-metering, square footage, or other billing basis. . . . Lessee agrees to pay charges assessed or imposed during the term of the Lease for all utilities supplied by either Lessor, public utility or third party provider whether occupied or vacant. Lessee further agrees to pay for any utility service billings incurred by Lessee but received by Lessor after Lessee takes possession of the Premises and/or vacates the Premises.

*Id.* ¶ 19.

Lease #2 also contained a "Ratio Utility Billing System Addendum" advising:

> The Lessor hereby notifies the Lessee of all Utility Billing information required by Real Property Section 8-212.4:
> a. (i) You will be billed by the landlord for allocated utility services;
> b. (ii) Link to last two bills;
> c. (iii) Your pro rata share shall be computed based on the Community's Water, Sewer and Trash bill which will be allocated to each unit based on unit occupancy and/or square footage of unit;
> d. (iv) Any disputes relating to the computation of your bill are between you and the landlord;
> e. (v) The average monthly bill for all dwelling units in the residential rental property in the previous calendar year;
> f. (vi) You have the right to inspect records retained by us that document a bill for utilities on written request;
> g. (vii) Resident shall pay to landlord's billing service a one-time account set-up fee, which shall be due and payable as part of your first payment of the Utility Bill. In addition, the landlord may add to the Utility Bill a nominal administrative fee per month to help defray cost of Owner's billing service. The current fee is $4.00;
> h. (viii) When billed by us directly or through our billing company you are responsible for paying the bill before the due date on the bill. The late payment of a bill or failure to pay is considered a breach of lease and we will exercise all remedies available under the lease, up to and including eviction for nonpayment.
> i. (ix) At move out, you will receive a final bill which may be estimated based on your prior utility usage. This must be paid at the time you move out, otherwise it will be deducted from your security deposit.

> j. (x) We are not liable for loss/damage incurred as a result of outages/interruptions in utility services provided to the dwelling unless it was the direct result of negligence by us or our employees. You release us from any such claims and waive any claims for offset or reduction of rent or diminished rental value of the dwelling due to such outages/interruptions.
> k. (xi) You represent that all occupants that will be residing in the unit are identified in the lease. You agree to notify the owner of any change in the number of occupants in the unit.
> l. (xii) No billing method, charge or fee mentioned herein will be used in any jurisdiction where such use would be unlawful. If any provision of this addendum or lease is invalid under applicable law, such provision shall be ineffective to the extent of such invalidity only without invalidating or otherwise affecting the remainder of this addendum or the lease. Except as specifically stated herein, all other terms and conditions of the Lease shall remain unchanged. In the event of any conflict between this addendum and the terms of the lease, the terms of this Addendum shall control.
> m. (xiii) The link below contains the information required above. Andrews Ridge Utility Summary (canva.site).

*Id.* ¶ 20.

Plaintiff alleges that Lease #2 and its addendum did not provide the information required by Md. Code Ann., Real Prop. § 8-212.4(c)(2). Specifically, she asserts that the hyperlink brought her to a "utility information page" that contained figures that were not from the previous calendar year and did not reflect the average monthly bill she would pay for her pro rata share of utilities for her unit. *Id.* ¶¶ 25, 27, 29. She also asserts that she was only provided bills for water and sewer, not for gas/oil or refuse collection, and that the bills provided were only for a few months and not for the last year. *Id.* ¶¶ 33–34. As a result of the failure to make the required disclosures, Plaintiff argues, Defendants could not lawfully collect or make efforts to collect the utility fee amounts owed under Lease #2. *Id.* ¶¶ 86, 105. Plaintiff's contention in Counts I and II that Defendants committed violations of the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act rest on those alleged disclosure failures.

## II. LEGAL STANDARDS

Defendant seeks to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). The Rule 12(b)(6) standard presumes the facts alleged by a plaintiff to be true, then assesses whether

the complaint still fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## III. ANALYSIS

Defendants argue that Plaintiff has pleaded "herself out of the purview of the pertinent statute" by expressly conceding that she was a current tenant, not a prospective tenant, at the time she signed Lease #2. ECF 32-1 at 1. Drawing all reasonable inferences in favor of Plaintiff, as this Court must at the motion to dismiss stage, this Court disagrees.

This case turns on the applicability of Md. Code Ann., Real Prop. § 8-212.4(c)(1), which provides, "If a landlord uses a ratio utility billing system to bill tenants for one or more utilities, the landlord shall provide the following information to all prospective tenants in writing." Defendants argue that Plaintiff pleaded that she rented the same apartment under Lease #1 from September 30, 2022, through September 29, 2023, and that Lease #1 "renewed yearly." ECF 28 ¶ 15; ECF 32-1 at 1. Thus, Defendants posit, at the time Plaintiff signed Lease #2 on October 16, 2023, she was already a "current tenant" of the apartment. ECF 32-1 at 11.

Plaintiff also pleads several other facts, however, that are relevant to the Court's analysis of the issue. First, Plaintiff pleaded that the monthly rent amounts differed between the two leases.

*Contrast* ECF 28 ¶ 15 ($1,415 per month under Lease #1), *with id.* ¶ 16 ($1,406 per month under Lease #2). That suggests changes in the terms between the two leases. Second, Plaintiff expressly pleaded that the two leases were signed with two different property management companies, Gates, Hudson & Associates, Inc. (Lease #1) and Legacy Residential (Lease #2). ECF 28 ¶¶ 15, 16.

While Plaintiff did not expressly plead whether Lease #1 also operated under a ratio utility billing system for water/sewer, gas/oil, and refuse collection or, if it did, whether it operated the same way as the terms of Lease #2, this Court can reasonably infer from the allegations in the SAC that it did not. The facts surrounding the operation of Lease #1 and Plaintiff's obligations thereunder will be relevant to this Court's eventual analysis of whether Plaintiff should be deemed a "prospective tenant" with respect to Lease #2 under Md. Code Ann., Real Prop. § 8-212.4(c)(1). This Court notes that, while there is no question Plaintiff resided in the same apartment throughout, it is unclear whether the "landlord" remained constant over the change in property management companies. Thus, at this early stage in the proceeding where all reasonable inferences must be drawn in Plaintiff's favor, this Court declines to dismiss Counts I and II on the basis of Plaintiff's status as a current tenant. Defendants, of course, may reassert their position on a more fulsome factual record later in the litigation.

## IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss Counts I and II, ECF 32, is denied.

Dated: August 18, 2026

/s/
Stephanie A. Gallagher
United States District Judge